IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN CYCLE IMPORTS, LLC DBA URBAN MOTORSPORTS §§§§§ *Plaintiff*, §§ v. § §§ GENUINE SCOOTERS, LLC §§§ *Defendant*. § | CIVIL ACTION NO. 20-cv-00782-RP |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Austin Cycle Imports, LLC dba Urban Motorsports files this First Amended Complaint, complaining of Defendant Genuine Scooters, LLC, and in support thereof, would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff Austin Cycle Imports, LLC dba Urban Motorsports ("Plaintiff" or "Urban Motorsports") is a Texas Limited Liability Company doing business in the State of Texas.

2. Defendant Genuine Scooters, LLC ("Defendant" or "Genuine Scooters"), is a Nevada Limited Liability Company which has engaged in business in the State of Texas and which does not maintain a regular place of business in the State of Texas and has not designated or maintained a resident agent for service of process in the State of Texas. This proceeding arises out of business done by Defendant in Texas. Defendant's home office is located at 2700 W Grand Ave, Chicago, IL 60612-1118. Service on Defendant can be effected by service upon the Texas

Secretary of State in accordance with TEX. CIV. PRAC. & REM. CODE § 17.044(b) and § 17.045(a). Defendant has appeared herein and is before the Court for all purposes.

## II.
### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1441, because there is diversity of citizenship between the parties, as referenced in Defendant's Motion to Dismiss. Specifically, Defendant is a Nevada limited liability corporation with its principal place of business located at 2700 W. Grand Avenue in Chicago, Illinois 60612. Defendant has a single member: Scooterworks Holdings LLC. The members of Scooterworks Holdings, LLC are all citizens of states other than Texas. Those members are: Scooter Works USA Inc., an Illinois corporation with its principal place of business in Illinois; Jennifer McCaleb, an individual and citizen of Illinois; Chicago Associates, Inc., an Illinois corporation with its principal place of business in Illinois; Randall Burkard, an individual and citizen of New York; Dorothy Hanley Trust, an Illinois trust whose trustee is a citizen of Illinois; Karen Smith Trust, an Illinois trust whose trustee is a citizen of Illinois; Paul Leinwand, an individual and citizen of Illinois; and Steven A. Torok, an individual and citizen of Michigan. Genuine is thus a citizen of Illinois, New York, and Michigan. Thus, complete diversity of citizenship exists as Plaintiff is a citizen of Texas and Defendant is a citizen of Illinois, New York, and Michigan. Moreover, the amount in controversy threshold is met because Plaintiff's damages are in excess of $200,000.

4.      This Court has personal jurisdiction over Defendant because it has continuously and systematically performed a substantial amount of business within the state of Texas and is being sued herein for conduct that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendant.

5.  Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events that comprise Plaintiff's claims occurred in this district.

### III.
### FACTS

6.  Defendant is a manufacturer and distributor of scooters, with over 200 franchised dealers throughout the United States. Urban Motorsports is one of Defendant's franchised dealers in Austin, Texas. For years, Defendant has represented to its franchised dealers, including Urban Motorsports, that it would begin carrying an electric scooter as part of its product line, given the significant demand for same around the country, and particularly in the Austin area. Given the amount of competition for scooters in Austin – with both other scooter dealers and ride-sharing companies – the failure to offer an electric product has severely impacted Urban Motorsports' business.

7.  In or around April 2018, at its annual dealers meeting in Chicago, Defendant specifically represented that it would soon be distributing an electric product from an overseas manufacturer called NIU. According to Defendant, it would be the U.S. distributor for NIU's electric line of scooters. And according to Defendant, these scooters would be available for sale in Defendant's dealerships by August of 2018, including Urban Motorsports. Based on these express representations, Urban Motorsports began promoting the NIU-branded electric scooters to its customers, and even took several deposits to purchase NIU models during that period. In reasonable reliance on these representations, Urban Motorsports also decided to forego entering into relationships with other manufacturers of electric scooters, including Genzie, Elby, Super 73, Monday Motorbikes, and OneWheel – to sell their electric line of scooters.

8.     Despite these express representations, many months later, Defendant had still not begun delivering NIU scooters to its dealers as promised. Thus, on or about April 3, 2019, Urban Motorsports emailed its dealer rep with Defendant, Dorothy Hanley, to inquire yet again as to the status of the NIU scooter delivery. On or about April 13, 2019, Ms. Hanley responded to this inquiry. Ms. Hanley represented that Defendant was NIU's "partner," as well as "NIU's distributor in the U.S.," which acts "as a clearing house for all scooters that NIU sells in the U.S." Ms. Hanley further represented that "two models of NIU's electric scooters…will be ready for production by the end of April [2019]," and that Defendant "hoped to have them produced and shipped to [Defendant] in May [2019], which lands them in dealerships around the end of June [2019]." According to Ms. Hanley, the hold up in delivering the scooters to its dealers were "issues surround[ing] NHTSA and NIU's WMI," and "NIU finally has all matters resolved and we look forward to having scooters this summer." At no time did Defendant ever caution that the delivery of NIU scooters to its dealerships was contingent on other events or conditions, nor did it caution that the deliveries would be delayed, but in fact expressly represented that all obstacles to delivery were resolved and that delivery was imminent. Thus, once again in reasonable reliance on these representations, Urban Motorsports declined opportunities to enter into agreements with other electric scooter manufacturers.

9.     In June of 2019, an NIU representative traveled to Austin to look at Urban Motorsports' facilities, and again led Urban Motorsports to believe that it would soon be selling NIU product. Specifically, Joseph Constanty visited with Urban Motorsports twice during a 48 hour period and even met with Urban Motorsports for celebratory drinks, after telling Plaintiff the scooters in question would soon be delivered. Urban Motorsports agreed to his request to spend thousands of dollars to dissect and remodel Urban Motorsports' showroom to match the renderings

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 4**

he shared with Urban Motorsports. However, contrary to Defendant's representations, the scooters in question were never delivered.

10. On or before November 2019, instead of providing the NIU electric product to Urban Motorsports to market and sell at its dealership as promised, at least 1,000 of these electric scooters promised to Urban Motorsports were sold and delivered by Defendant to a ride sharing company in Austin called Revel Transit, Inc. ("Revel"). It appears that another 1,000 of the electric scooters were delivered to Revel sometime in 2020. And despite the fact that the NIU electric scooter have still not been delivered to Urban Motorsports as promised, Defendant is currently marketing NIU's electric product on its website, at http://www.genuinescooters.com/. A screenshot of same is set forth herein below:



Thus, Urban Motorsports has not only forgone opportunities to enter into agreements with other manufacturers to sale electric scooters in the Austin area, but it has also lost profits for the sale of electric scooters

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 5**

to both Revel and the Austin public, resulting in hundreds of thousands of dollars in lost profits. *Id.*

## IV.
### FRAUD

11. Urban Motorsports hereby incorporates the facts alleged above. Defendant made repeated representations to Urban Motorsports that NIU electric product would be delivered to Urban Motorsports for sale at is Austin dealership. Specifically, Defendant represented:

- In or around April 2018, at its annual dealers meeting in Chicago, Defendant specifically represented that it would soon be distributing an electric product from an overseas manufacturer called NIU. According to Defendant, it would be the U.S. distributor for NIU's electric line of scooters. And according to Defendant, these scooters would be available for sale in Defendant's dealerships by August of 2018, including Urban Motorsports.

- And in April 2019, Defendant expressly represented NIU was Defendant's "partner," and that Defendant was "NIU's distributor in the U.S.," which acts "as a clearing house for all scooters that NIU sells in the U.S."

- Defendant's expressly represented that NIU's electric scooter product would be "ready for production by the end of April [2019]" and "shipped to [Defendant] in May [2019], which lands them in dealerships around the end of June [2019]"

12. Defendant's representations were material to the dealings between Urban Motorsports and Defendant. Said representations were false and Defendant knew that such representations were false or made them recklessly, as a positive assertion, without knowledge of their truthfulness, despite Defendant's superior or one-side knowledge of the delivery schedule of NIU product. At the time the statements were made, Defendant had no intention of actually

performing in the future, as evidenced by the fact that instead of delivering the electric scooters to Urban Motorsports in the Summer of 2019, Defendant instead delivered at least 1,000 electric scooters to a competitor, Revel, on or before November 2019. The representations were made with the intent that Urban Motorsports would act upon them. Urban Motorsports did, in fact, act and rely on the representations of Defendant to its detriment, refusing to enter into agreements with other manufacturers to sell electric product, and making expensive changes to its showroom. Urban Motorsports has sustained actual economic damages because of the fraud perpetrated by Defendant, including lost profits. Urban Motorsports seeks to recover its actual damages, and exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

## V.
### NEGLIGENT MISREPRESENTATION

13. Urban Motorsports hereby incorporates the facts alleged above. Defendant made repeated representations to Urban Motorsports in the course of the Defendant's business or in a transaction in which the Defendant had an interest. Specifically, Defendant represented:

- In or around April 2018, at its annual dealers meeting in Chicago, Defendant specifically represented that it would soon be distributing an electric product from an overseas manufacturer called NIU. According to Defendant, it would be the U.S. distributor for NIU's electric line of scooters. And according to Defendant, these scooters would be available for sale in Defendant's dealerships by August of 2018, including Urban Motorsports.

- And in April 2019, Defendant expressly represented NIU was Defendant's "partner," and that Defendant was "NIU's distributor in the U.S.," which acts "as a clearing house for all scooters that NIU sells in the U.S."

- Defendant's expressly represented that NIU's electric scooter product would be "ready for production by the end of April [2019]" and "shipped to [Defendant] in May [2019], which lands them in dealerships around the end of June [2019]"

14. These representations were intended for the guidance of others, particularly, Urban Motorsports. Defendant did not exercise reasonable care or competence in obtaining or communicating the information. Urban Motorsports did, in fact, rely on the representations of Defendant to its detriment, refusing to enter into agreements with other manufacturers to sell electric product and making expensive changes to its showroom. Urban Motorsports has sustained actual economic damages because of the representations perpetrated by Defendant, including lost profits.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays that Defendant answer herein, and that judgment be entered in favor of Plaintiff and against Defendant, as follows:

1. For actual damages;

2. For exemplary damages;

3. For lost profits;

4. For pre and post judgment interest;

5. For all costs of court; and

6. For such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Brandon L. Starling*
Brandon L. Starling
State Bar No. 24047556
bstarling@shackelford.law
Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
Susan G. White
State Bar No. 00788658
swhite@shackelford.law

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
111 Congress Ave., Suite 1070
Austin, Texas 78701
(512) 469-0900 – Telephone
(512) 469-0930 – Facsimile

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure on September 14, 2020.

*/s/Brandon S. Starling*
Brandon S. Starling